IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WESTBY CO-OP CREDIT UNION,

                Plaintiff,                OPINION AND ORDER

v.

                                                  12-cv-811-wmc

DAVID C. HERTLER and
JEAM M. HERTLER,

                Defendants.

---

Plaintiff Westby Co-Op Credit Union originally filed this civil action for foreclosure on November 21, 2011, in the Circuit Court for Richland County, Wisconsin, alleging that the defendants (David C. Hertler and Jean M. Hertler) had defaulted on a real estate mortgage. On November 9, 2012, the defendants filed a notice of removal. Plaintiff has filed a motion for remand to state court. (Dkt. 2.) After considering all of the pleadings, the case will be remanded to state court for reasons that follow.

OPINION

This court has "an independent obligation to satisfy itself that federal subject matter jurisdiction exists before proceeding to the merits in any case." *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). A district court is required to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. *See* 28 U.S.C. § 1446(c)(4). Plaintiff argues that remand is appropriate because the defendants have

failed to comply with statutory removal procedures or show that there is federal subject matter jurisdiction in this case.

As the party seeking to invoke federal jurisdiction, defendants bear the burden of demonstrating that removal is proper. *See Boyd v. Phoenix Funding Corp*, 366 F.3d 524, 529 (7th Cir. 2004) (citations omitted). Removal is proper if the subject matter meets criteria found in 28 U.S.C. § 1441, and the notice of removal is timely, 28 U.S.C. § 1446. A case may be subject to remand for lack of subject matter jurisdiction or on the basis of any defect or failure to comply with the removal statutes. 28 U.S.C. §§ 1446, 1447(c).

Remand is required in this instance because, as plaintiff correctly notes, the notice of removal was untimely and does not comply with 28 U.S.C. § 1446(b). This statute requires that the notice of removal of a state court civil action or proceeding must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b); *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272-73 (7th Cir. 1982). Exhibits attached to the notice of removal show that the complaint was filed initially on November 21, 2011, in Richland County Circuit Court. The defendants filed an answer to that complaint on March 19, 2012. Accordingly, there is no question that the November 9, 2012 notice of removal was filed more than 30 days after receipt of the initial pleading. Because the defendants did not comply with § 1446(b) by removing this case to federal court in a timely manner, this action must be remanded to the state court.

Alternatively, plaintiff argues that remand is also required because the defendants

2

do not meet their burden to establish the requisite federal subject matter jurisdiction. In determining whether removal is proper under § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Illinois v. Kerr–McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982).

Here, the defendants contend that removal is proper under 28 U.S.C. § 1441(b), based on diversity of citizenship, which is present when a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state. 28 U.S.C. § 1332. The defendants concede that Westby Co-Op Credit Union is a Wisconsin entity located in Richland County. The defendants, who also reside in Wisconsin, allege that diversity exists nevertheless because they are "Foreign Sovereign" citizens of "the Republic for the united [sic] States of America de jure State of Wisconsin." This "sovereign citizen" argument has been rejected repeatedly by courts. *See, e.g., United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the argument that an individual is a sovereign citizen of a state who is not subject to jurisdiction of United States as "shop worn" and frivolous). Because both plaintiff and defendants are citizens of the same state, the defendants do not establish the requisite diversity of citizenship for purposes of 28 U.S.C. § 1332. Because the defendants fail to show that removal was under 28 U.S.C. § 1441(b), or any other portion of § 1441, the court will remand the case to the Circuit Court for Richland County.

ORDER

IT IS ORDERED that the plaintiff's motion for remand (dkt. # 2) is GRANTED and that this case is REMANDED to the Circuit Court for Richland County, Wisconsin. The clerk of court is directed to return the record to the state court.

Entered this 12th day of December, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge